**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| ──────────────────── : | | |
| **EKI, LLC,** | : | **UNITED STATES DISTRICT COURT** |
| | : | **DISTRICT OF NEW JERSEY** |
| **Plaintiff,** | : | |
| | : | **Hon. William J. Martini** |
| **v.** | : | **Civil Action No. 06-4936 (WJM)** |
| | : | |
| **GASSER CHAIR CO, INC.,** | : | |
| **GENE ULLICH and G.U.E.,** | : | **REPORT AND RECOMMENDATION** |
| | : | |
| **Defendants.** | : | |
| ──────────────────── : | | |

## INTRODUCTION

Before the Court is plaintiff EKI, LLC's ("EKI") motion to remand this case

to state court and defendant Gasser Chair Company, Inc.'s ("Gasser") cross-motion

for transfer of venue.  For the reasons set forth below, it is respectfully recommended

that EKI's motion to remand be **granted**, and Gasser's cross-motion for transfer of

venue be **denied**.

## FACTUAL BACKGROUND

EKI is a New Jersey limited liability company involved in the chair

manufacturing business.  Gasser is an Ohio corporation that also manufactures chairs.

G.U.E. is in the business of repairing equipment and maintains a repair shop in

Roselle, New Jersey.  Defendant Gene Ullich  ("Ullich") is the principal of G.U.E.

On or about August 17, 2006, EKI filed its complaint in the Superior Court of

New Jersey. Gasser removed the case on October 13, 2006 alleging diversity and federal question jurisdiction.  EKI now moves to remand this action to state court pursuant to 28 U.S.C. §1447(c), on the ground that the district court lacks subject matter jurisdiction.  Gasser opposes remand and moves to transfer venue to the Eastern District of New York.

EKI's complaint alleges three state common law claims: (1) interference with prospective economic advantage; (2) replevin; and (3) conversion.  Specifically, EKI alleges that Gasser interfered with orders for chairs by non-party customers and convinced the customers to withdraw their orders.  (Cmpl. at ¶¶ 5-12.) EKI  further alleges that Gasser has instructed G.U.E. and Ullich not to return certain chair molds sent to G.U.E. for repair.  Apparently at the direction of Gasser, G.U.E. has refused to return the molds.  (Cmpl. at ¶¶ 13-26.)

### The New York Case

Despite the straightforward facts set forth in the complaint, there is a long history and prior litigation that underlies Gasser's opposition to plaintiff's motion to remand.  In 1988, Gasser filed suit against Infanti Chair Manufacturing Corp. ("Infanti Chair") in the United States District Court for the Eastern District of New York.  The court entered judgment against Infanti Chair in the amount of $15,137, 911.  Subsequently, Infanti Chair filed for bankruptcy.  In 1999, Infanti International,

2

Inc. ("Infanti International") was formed.  On December 23, 2003, Gasser filed an action in the Eastern District of New York to enforce the Infanti Chair judgment and for other relief against Infanti International and other non-parties, alleging, inter alia, that Infanti International was Infanti Chair's successor entity.   Since Infanti International was apparently insolvent, the Honorable I. Leo Glasser presiding in the Eastern District appointed Sanders W. Gropper as the receiver ("receiver") for Infanti International's assets.

In 2005, the receiver arranged an auction to sell Infanti International's remaining assets.  G.E.M. Auction Corp. was retained to run the auction.  On April 12, 2005, EKI successfully bid on Infanti International's remaining assets, including, EKI contends, the same chair molds referred to in this case.

Gasser however contends that the molds were not legitimately purchased by EKI.  Instead, Gasser asserts that the molds were somehow improperly removed from the auction site "unbeknownst to the receiver [...] so they would not be available to be sold at the auction" and then later returned to the site and improperly utilized by EKI. (Def.'s Br. in Opp'n at p. 6.)  Thus, Gasser contends that the chair molds remain the sole property of the receiver.

The case brought by Gasser against Infanti and others is still pending in the Eastern District of New York and is apparently contentious and convoluted.  Neither

plaintiff EKI nor defendants G.U.E. and Ullich are parties to the case.  The receiver,

Sanders Groper, is a defendant and Gasser's allegations about the auction are part of

the Eastern District case.  Mr. Groper, the receiver, has taken the position that the

auction results are valid, should stand and not be interfered with.

## DISCUSSION

### A.      Standard for Remand

A case may be remanded at any time before final judgment if it appears that the

district court lacks subject matter jurisdiction. 28 U.S.C. §1447(c).  On a motion to

remand, the removing party bears the burden of proving that jurisdiction is proper in

federal court. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Moreover, it is well established that removal statutes are strictly construed and all

doubts are resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848,

851 (3d Cir. 1992).

### B.      Gasser's Opposition to Remand

Gasser's removal petition and brief in opposition to remand reflect a scattershot

approach to the issue of jurisdiction. Certain arguments are addressed in the removal

petition, but not in the opposition brief and vice versa.  Many of Gasser's arguments

relate to the merits of this case, rather than the issue of jurisdiction.  Suffice it to say

that despite the broad assertions, Gasser has failed to demonstrate that there is federal

4

jurisdiction.

**C.    No Diversity Jurisdiction**

In its Notice of Removal, Gasser baldly states that diversity jurisdiction exists

in this case. (Notice of Removal at ¶ 8.)  However, Gasser does not mention the issue

of diversity in its brief.  An examination of the Complaint reveals that there is no

diversity jurisdiction under 28 U.S.C. § 1332(a).  EKI is a New Jersey Corporation

and defendants, G.U.E. and Ullich, are New Jersey residents.

**D.    No Federal Question Jurisdiction**

In the absence of diversity, removal must be predicated on the existence of a

federal question. Any civil action brought in state court over which the federal district

courts have jurisdiction may be removed by the defendant to federal court. 28 U.S.C.

§1441(a).  A defendant may remove any civil action founded on a claim or right that

arises under federal law. 28 U.S.C. § 1441(b).

Pursuant to 28 U.S.C. §1331, district courts have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States.  The

well-pleaded complaint rule governs whether a case 'arises-under' federal law for

purposes of §1331.  Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,

535 U.S. 826, 830, 122 S.Ct. 1889, 1893  (2002).  Under the well-pleaded complaint

rule, "the plaintiff is ordinarily entitled to remain in state court so long as its

5

complaint does not, on its face, affirmatively allege a federal claim." Pasack Valley

Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398

(3d Cir. 2004); Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Trust for S.

Ca., 463 U.S. 1, 10,  103 S.Ct. 2841, 2847 (1983) ("[A] defendant may not remove

a case to federal court unless the plaintiff's complaint establishes that the case arises

under federal law.")  For  a claim to arise under federal law "'[a]  right or immunity

created by the Constitution, or laws of the United States must be an element, and an

essential one, of the plaintiff's cause of action.'" Franchise Tax Bd., 463 U.S. at 10-

11, 103 S.Ct. at 2847 (quoting Gully v. First National Bank, 299 U.S. 109, 112, 57

S.Ct. 96, 97 (1936)).

The complaint in this case does not allege any federal claim.  However,

apparently relying on its belief that the receiver still owns the chair molds, Gasser

suggests that plaintiff's claim is "really" one of federal law. See e.g., Goepel v.

National Postal Mail Handlers Union, 36 F.3d 306, 310 (3d Cir. 1994). As set forth

below, Gasser's arguments are meritless.

1.     In its Notice of Removal,  Gasser asserts that its counterclaim for patent

infringement can provide federal jurisdiction. (Notice of Removal at ¶ 6.)  This is

incorrect.  In Holmes Group, Inc., the Supreme Court held that a defendant's patent

law counterclaim could not create arising under jurisdiction.  Writing for the Court,

Justice Scalia concluded:

> "Allowing a counterclaim to establish 'arising under' jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, . . . to have the cause heard in state court.' Caterpillar Inc. v. Williams, 482 U.S. 386, 398-399 (1987). The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the 'due regard for the rightful independence of state governments' that our cases addressing removal require. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (internal quotation marks omitted). And finally, allowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts."

Holmes Group, 535 U.S. at 831-32, 122 S.Ct. at 1894-1895. Therefore, Gasser's

patent law counterclaim is insufficient to create federal subject matter jurisdiction.

Id.; Nolan v. Otis Elevator, 560 F.Supp. 119, 123 (D.N.J. 1982); Altay v. Tagayun,

No. 06-CV-2330, 2006 WL 3308586, at *2 (D.N.J. November 13, 2006) ("The

assertion of an answer and counterclaim implicating federal law does not create

jurisdiction in the district court.").

2. Gasser next contends that the receiver is a necessary party who was not named in the complaint and therefore the Eastern District of New York has exclusive jurisdiction of this as well as the New York case. (Def's Br. in Opp'n at pp.14-16.) This argument is factually and legally unavailing. There is nothing before the Court that suggests the receiver is a necessary party in this case. The complaint alleges purely New Jersey state common law claims that do not involve the receiver. The receiver, a named defendant in the Eastern District case brought by Gasser, has made no effort to intervene in this case and has made no ownership claim to the chair molds.

In the Eastern District case, Gasser makes the same allegations it seeks to assert as a defense in this case. Gasser challenges the auction at which EKI purchased all of Infanti International's assets. The receiver has taken the position the auction was valid and should not be vacated. This case is not about the auction or Gasser's subjective beliefs about its validity. This case is about tortious interference. It stems from New Jersey business transactions with local New Jersey third parties that have nothing to do with the receiver. If Gasser believes it has a defense to EKI's claims based on the auction, it can assert it in state court. The receiver is not a necessary party and Gasser has no basis to try to force the receiver into this case.

Gasser's own framing of the issue demonstrates its misapprehension of this case.  Gasser states: "Here, the issue is the ownership of the molds.  Does EKI own the molds as alleged or are they property of the receiver. [sic]" (Def.'s Br. in Opp'n at p.11.)  But that is <u>not</u> the issue in <u>this</u> case.  Furthermore,  the Court does not believe that Gasser has standing to assert ownership claims on behalf of the receiver.  As stated <u>supra</u>, as a defendant in New York the receiver is aware of Gasser's claims but does <u>not</u>  claim the molds as his property.

Even assuming that the receiver was somehow a necessary party, that would not transform plaintiff's causes of action into claims "arising under" federal law for purposes of this motion.  As stated in Wright and Miller:

> It is clear that the mere fact that the appointment of a receiver was by a federal court does not make all actions by or against him or her cases arising under the Constitution or laws of the United States for subject-matter-jurisdiction purposes in courts other than the appointing tribunal.

12 Wright, Miller and Marcus,  <u>Federal Practice and Procedure</u>, § 2985 (3d ed.1995); <u>see</u> <u>also</u>  <u>United States v. Franklin National Bank</u>, 512 F.2d 245, 249-50 (2d Cir. 1975) ("The presence of a federally appointed receiver does not make the case one arising under the laws of the United States."); 8 Fed. Proc., L.Ed. § 21:61.  In sum, there is no indication that the receiver is a necessary party and even if he were, it would not give *this* Court subject matter jurisdiction.

3.      Finally, Gasser raises an "argument" that was not included in the Notice of Removal. Gasser alleges that in addressing plaintiff's causes of action the Court would be required to rule on the scope of the patent on the chair molds, a patent that Gasser claims to own.[1]  The Court does not agree.

A court "may look beyond the face of a complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." Pryzbowwski v. U.S. Healthcare Inc., 245 F.3d 266, 274 (3d Cir. 2001).  Of course, that the removing party continues to  "bear[] the burden of proving that Plaintiff's claim is truly a federal [...] claim in state-law clothing." Meacle v. Horizon Blue Cross Blue Shield of New Jersey, Inc., No. 05-CV-3073, 2005 WL 2811786, at *3 (D.N.J. October 27, 2005) (citing Pascak, 388 F.3d at 401- 02).  A cause of action arises under federal patent law when it involves the validity, scope or infringement of a patent.  Kaufman Malchman & Kirby P.C. v. Hasboro, Inc., 897 F. Supp. 719, 721 (S.D.N.Y. 1995) (citing Ballard v. Medical Prods. v. Wright, 823 F.2d 527, 531 (Fed. Cir. 1987)).

---

[1]  There is authority holding that because Gasser has failed to raise this issue in its notice of removal it should be barred from now doing so. See e.g., Stanley v. Wyeth Inc., No. 06-CV-1979, 2006 WL 2588147, at *2 (E.D.La. September 8, 2006). However, because the issue was raised in the briefing the Court will address the merits of Gasser's contention. See e.g., Adams v. Federal Materials Co. Inc., No. 05-CV-90,  2005 WL 1862378, at * 2  n.2 (W.D.Ky. July 28, 2005).

Plaintiff's claims in this case are for (1) interference with prospective economic advantage; (2) replevin; and (3) conversion.  These claims do not involve the validity, scope or infringement of a patent. Despite claiming ownership of the patent, Gasser itself concedes that either EKI or the receiver own the molds.  Even assuming there was an "ownership issue" over the molds (which seems doubtful since the receiver apparently does <u>not</u> claim ownership), it doesn't directly involve Gasser and certainly doesn't involve a patent issue.  Nothing in this case remotely involves an inquiry into the scope or validity of a patent.  It is also clear that ownership claims over patents do not provide a basis for federal jurisdiction.  <u>See</u> <u>e.g.</u>, <u>Design Science Toys v. McCann</u>, 931 F. Supp. 282 (S.D.N.Y. 1996).

Gasser has  failed to meet its burden of establishing federal jurisdiction.  <u>Boyer</u>, 913 F.2d at 111.  Pursuant to 28 U.S.C. § 1447(c), this matter should be remanded to the Superior Court of New Jersey.

**E.      Defendant's Cross-Motion for Change of Venue**

Gasser has requested that this Court transfer venue, pursuant to 28 U.S.C. §1404(a), to the Eastern District to permit consolidation of this matter with the case pending there.  Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

There has been no showing that the instant case could have been brought in the Eastern District or that the Eastern District would be more convenient.  As set forth <u>supra</u>, this is an entirely different case, involving New Jersey parties, non-federal New Jersey claims stemming from New Jersey transactions.  More importantly, "[a] court must itself have subject matter jurisdiction over an action before it may transfer that action under §1404(a)." <u>CIBC World Markets, Inc. v. Deutsche Bank Securities, Inc.,</u>  309 F.Supp.2d 637, 643 (D.N.J. 2004); <u>see also</u> <u>Atlantic Ship Rigging Co. v. McLellan</u>, 288 F. 2d 589, 591 (3d Cir. 1961); <u>Tifa Ltd. v. Republic of Gana</u>, 692 F. Supp. 393, 398 (D.N.J. 1988).  Here, this Court lacks subject matter jurisdiction over the case and therefore should not entertain defendant's motion to change venue, which should be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully recommended that EKI's motion

to remand be **granted** and Gasser's cross-motion for change of venue be **denied**.


_____/s/___Mark Falk_____

Dated:      March 27, 2007      MARK FALK
United States Magistrate Judge


Original:    Clerk of the Court
cc:         Hon. William J. Martini, U.S.D.J.
            Parties

13